IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARTHA TORRES § | |
|     PLAINTIFFS § | |
| § | |
| VS. § | CASE NO. 1:15-cv-40 |
| § | |
| STANDARD GUARANTY INSURANCE § | |
| COMPANY § | |
|     DEFENDANT § | |
| § | |

## STANDARD GUARANTY INSURANCE COMPANY'S NOTICE OF REMOVAL

1.  Defendant Standard Guaranty Insurance Company ("Standard Guaranty") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446 as follows:

### I. INTRODUCTION

2.  This case is removable because all proper parties to this litigation are citizens of different states and the matter in controversy exceeds $75,000.00.

### II. COMMENCEMENT AND SERVICE

3.  The underlying lawsuit was commenced on January 30, 2015, when Plaintiff filed her Original Petition ("Original Petition") in the 445th Judicial District Court of Cameron County, Texas, styled Cause No. 2015-DCL-00685, *Martha Torres v. Standard Guaranty Insurance Company*.[1] Plaintiffs served Standard Guaranty via certified mail, return receipt requested through the District Clerk's office with a summons on February 5, 2015.

4.  This Notice of Removal is filed within thirty days of the receipt by Standard Guaranty of Plaintiff's Original Petition and is thus timely filed pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1] *See* Exhibit B-1, Original Petition.

### III. GROUNDS FOR REMOVAL

5. Standard Guaranty is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV. DIVERSITY OF CITIZENSHIP

6. This is an action with complete diversity of citizenship between Plaintiff and Standard Guaranty.

7. Plaintiff is a citizen of Texas.

8. Standard Guaranty is organized under the laws of Delaware with its principal place of business in Atlanta, Georgia. Standard Guaranty is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.

9. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the parties.

### V. PLAINTIFF'S ALLEGATIONS

10. The Original Petition alleges several causes of action stemming from Standard Guaranty's adjustment of Plaintiff's claims for property damages made under a lender-placed residential property policy of insurance

### VI. AMOUNT IN CONTROVERSY

11. Plaintiff's Original Petition ("Petition") provides that the amount in controversy is "in excess of the minimum jurisdictional limits of this Court". The Petition does not state a specific amount in controversy. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages (as is the case here) has two options. The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some

"other paper" indicating that the amount in controversy exceeds that amount. *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A). If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers, (ii) making an independent appraisal of the amount of the claim, or (iii) remanding the case. *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.,* 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits). If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on Standard Guaranty's removal papers, the Court will conclude that the amount in controversy of the causes of action brought by Plaintiff exceeds $75,000.00.

    A. **THE AMOUNT IN CONTROVERSY OF THE CLAIMS BROUGHT BY PLAINTIFFS EXCEEDS $75,000 BASED ON DEMAND.**

    12.    The amount in controversy of Plaintiff's claims in this case exceeds $75,000.00. Courts in the Fifth Circuit frequently look to demand letters to ascertain the amount in controversy. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000) (considering demand letter to determine amount in controversy). Here, Plaintiff served Standard Guaranty with a demand letter seeking actual economic damages of $22,870.12. Plaintiff trebled the economic damages under §541 of Texas Insurance Code and the DTPA for an amount of $68,610.36, eighteen percent (18%) interest in the amount of $2,744.41, six percent (6%) prejudgment interest in the amount of $914.80, and current attorney's fees for drafting the demand letter of $2,500.00, for a total demand of $74,769.58. Plaintiff state in the letter this

amount could be trebled.[2]  Plaintiff states in her letter this amount, as well as an additional sum for mental anguish, could be trebled. Plaintiff also seeks exemplary and punitive damages[3] for Defendant's alleged bad faith, and additional attorney's fees incurred through trial.  Furthermore, based on the claims asserted and the intricate issues involved, the amount of attorneys' fees sought will greatly increase throughout the course of litigation.  *St. Paul Reinsurance Co., Ltd. V. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (stating that amount in controversy should include potential attorney's fees incurred through trial).  Plaintiff's token allegation is not binding on Plaintiff or this court.  It is simply a means by which to avoid diversity jurisdiction.  Accordingly, the Original Petition and demand letter establish that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

### B. THE AMOUNT IN CONTROVERSY OF THE CLAIMS BROUGHT BY PLAINTIFF EXCEEDS $75,000 BECAUSE PLAINTIFF HAS NOT STIPULATED THAT SHE WILL NOT ACCEPT AN AWARD THAT EXCEEDS THE THRESHOLD OR THAT SHE AFFIRMATIVELY SEEKS LESS THAN THE JURISDICTIONAL THRESHOLD.

13. "[A] Texas plaintiff must be able to show to a 'legal certainty' that he 'will not be able to recover more than damages for which he has prayed in the state court complaint.' The plaintiff may do so by filing a legally 'binding stipulation or affidavit' with their state court complaint, stating that he affirmatively seeks less than the jurisdictional threshold *and* further stating that he will not accept an award that exceeds that threshold." (emphasis in original) (citing *DeAguilar II,* 47 F.3d at 1411-12; *Allen*, 63 F.3d at 1335 n.14). *See DeAguilar II*, 47 F.3d at 1412; *see also Blanco v. Wal-Mart Stores Tex., L.L.C.,* 2011WL 3681560, at *1 n.2 (W.D. Tex. July 15, 2011)  "[P]laintiffs who wish to ensure, to a legal [certainty], that their complaints

---

[2] Exhibit G, Plaintiff's January 15, 2015, Demand Letter, at p. 4.

[3] *See* Exhibit B, Original Petition, at ¶ X, p. 13.

are not construed to include an amount in controversy over $75,000, are well served by filing, concurrently with their complaints in state court, a binding stipulation or affidavit, which state that they *will not accept* more than the sum or value of $75,000, exclusive of interests and costs." (alterations in original) (emphasis in original) (quoting *Sanchez v. HP Enter. Servs., L.L.C.*, EP11-CV-49-PRM, slip op., at 4 (W.D. Tex. Apr. 4, 2011)); *Vidaurri v. H.M.R. Props.*, 2007 WL 1512029, at *6 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide "a binding stipulation that he will not seek *or accept* more than $75,000.00" (emphasis added)); *Lite-Martin v. Sw. PCS, L.P.*, 2003 WL 22477694, AT *3 (W.D. Tex. Nov. 3, 2003) ("Although in the petition, Plaintiff attempts to state that the damages will not exceed $74,000, Plaintiff does not stipulate that [he] will not seek more than $74,000."). Likewise, Plaintiff in this case has not so stipulated.

14.     Even though Plaintiff alleges in paragraph VIII of Plaintiff's Original Petition that Plaintiff's damages do not exceed $75,000, the rest of the pleading and the demand letter provide otherwise.

## VII. VENUE

15.     Venue lies in the Southern District of Texas, Brownville Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiff filed the state court action in this judicial district and division.

## VIII. NOTICE

16.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## IX. STATE COURT PLEADINGS

17. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## X. EXHIBITS TO NOTICE OF REMOVAL

18. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A. All executed process in the case;

    B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

        1. Plaintiff's Original Petition;

    C. Docket sheet;

    D. An index of matters being filed;

    E. A list of all counsel of record, including addresses, telephone numbers and parties represented;

    F. Civil Cover Sheet;

    G. Plaintiff's January 15, 2015, Demand Letter; and

    H. Plaintiff's Texas Residential Property Policy.

19. There are no orders signed by the state court judge.

## XI. JURY DEMAND

20. Plaintiff has demanded a jury in the state court proceeding.

## XII. CONCLUSION

WHEREFORE, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 445th Judicial District Court of Cameron County, Texas to this Court.

Dated:  February 27, 2015

                                                Respectfully submitted,

                                                /s/ April F. Robbins
                                                April F. Robbins
                                                Federal I.D. 14875
                                                State Bar No. 16983470
                                                Email:  arobbins@belaw.com

                                                Brackett & Ellis
                                                100 Main Street
                                                Fort Worth, Texas 76102
                                                Telephone: (817) 338-1700
                                                Facsimile:  (713) 337-8850
                                                *Attorney-in-Charge for Defendant*
                                                *American Bankers Insurance Company.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to the applicable Federal Rules of Civil Procedure on this 27th day of February, 2015 as follows:

    **Via Electronic Filing**
    Jake Rogiers
    Speights & Worrich
    1350 North Loop 1604, Suite 104
    San Antonio, Texas 78232
    Email: jake@speightsfirm.com

                                            */s/  April F. Robbins*
                                                April F. Robbins